IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINGER KOSINSKI<br>224 Bowmanville Street<br>Akron, Ohio 44305<br><br>     Plaintiff,<br><br>    v.<br><br>COASTAL PET PRODUCTS, INC.<br>c/o James G. Stout,<br>Statutory Agent<br>911 Leadway Avenue<br>Alliance, Ohio 44601<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**Jury Demand Endorsed Herein** |

Plaintiff, Ginger Kosinski, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Kosinski is a resident of the city of Akron, county of Summit, state of Ohio.

2. Coastal Pet Products, Inc. ("Coastal") is an Ohio corporation that operates a business in Stark County.

3. Some or all material events alleged in this Complaint occurred in county of Stark.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 in that Kosinski is alleging a federal law claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*.

5. This Court has supplemental jurisdiction over Kosinski's state law claims pursuant to 28 U.S.C. § 1367 as Kosinski's state law claims are so closely related to her federal law claims

1

that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Kosinski dual-filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2022-01064 against Coastal Pet Products, Inc. operating at 911 Leadway Avenue, Alliance, Ohio, 44601.

8. On or about October 19, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Kosinski regarding the Charges of Discrimination brought by Kosinski against Coastal in EEOC Agency Charge No. 22A-2022-01064.

9. Kosinski received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

10. Kosinski has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Kosinski has properly exhausted her administrative remedies pursuant to 29 C.F.R. 1614.407(b).

## FACTS

12. Kosinski is a former employee of Coastal.

13. Kosinski began her employment at Coastal on or about July 21, 2021.

14. Coastal employed Kosinski as a Leather Manufacturer.

15. Kosinski suffers from Ankylosing Spondylitis, Diabetes, and mental illness including anxiety. (Kosinski's "Disabilities")

16. Kosinski's Disabilities substantially limited one or more of her major life activities, including

working.

17. Kosinski's Disabilities are a physical and mental impairment.

18. Coastal perceived Kosinski as being disabled.

19. Alternatively, Coastal perceived that Kosinski's Disabilities constituted a physical and mental impairment.

20. Alternatively, Coastal perceived Kosinski's Disabilities to substantially limit one or more of her major life activities, including working.

21. As a result of suffering from her Disabilities, Kosinski is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

22. Kosinski is a member of a protected class based on her Disabilities.

23. Despite the actual or perceived Disabilities, Kosinski was still able to perform the essential functions of her job.

24. Kosinski has a record of physical impairment.

25. During the hiring process with Coastal, Kosinski disclosed her Disabilities to Heidi (Last Name Unknown).

26. Upon information and belief, Heidi held a position in Employee Relations with Coastal.

27. Kosinski told Heidi that her Ankylosing Spondylitis is a form of arthritis that causes Kosinski severe pain in her spine if she stands for too long.

28. Kosinski told Heidi she needed to work where she could sit down from time to time based on her Disabilities. ("First Accommodation Request")

29. Heidi told Kosinski that her Disabilities would not be an issue for Kosinski's job at Coastal and that Kosinski would be able to sit down during work.

30. On or about July 22, 2021, during Kosinski's first day of work at Coastal, Kosinski was training with Erica (Last Name Unknown).

31. Erica held the position of Trainer with Coastal.

32. While training with Erica, Kosinski disclosed her Disabilities to Erica.

33. Erica asked Kosinski to provide Coastal with a written note outlining her Disabilities.

34. Kosinski complied with Erica's request and provided Coastal with a handwritten note disclosing the Disabilities she disclosed during the hiring process.

35. Kosinski provided Coastal with a note from the Social Security Administration that stated Kosinski was cleared to work through the "Ticket Back to Work" program.

36. Kosinski asked her supervisor, Beth (Last Name Unknown), about the note Kosinski provided to Erica because Kosinski wanted to be sure she had complied with Coastal's request.

37. Beth told Kosinski that Erica was only a trainer and Kosinski should not have given the note about her Disabilities to Erica because Erica was not a manager or in human resources.

38. Beth told Kosinski that her handwritten note outlining her Disabilities was not enough to get workplace restrictions for Kosinski.

39. Beth asked Kosinski to provide a doctor's note about workplace restrictions based on Kosinski's Disabilities.

40. Kosinski had every intention to comply with Beth's request and go see her doctor about getting a note regarding her Disabilities.

41. Several hours after Kosinski's conversation with Beth, Kosinski was approached by Rose (Last Name Unknown).

42. Rose was a Supervisor with Coastal.

43. Rose told Kosinski that her employment with Coastal was terminated.

44. Kosinski was surprised to be terminated after only a few hours of training as she had competently performed the training she was given.

45. Rose wrongfully told Kosinski that she should not even be working if she was receiving social security.

46. Kosinski explained to Rose that she was in the "Ticket Back to Work" program at the Social Security Administration and the entire point of the program was to work for an employer.

47. Kosinski pointed out to Rose that Kosinski's daughter was disabled and had been successfully employed by Coastal without any issue.

48. Kosinski asked to work in the same department with her daughter. ("Second Accommodation Request")

49. Rose denied Kosinski's request for accommodation and represented to Kosinski that Coastal policy allegedly prohibits family members from working in the same department.

50. Upon information and belief, Coastal has no policy that prohibits family members from working in the same department.

51. Upon information and belief, Coastal employs multiple members of the same family, some of whom work in the same department with other family members.

52. Rose refused to engage Kosinski in an interactive process to determine if Kosinski needed a disability accommodation.

53. Coastal failed to engage Kosinski in an interactive process to determine a reasonable accommodation for Kosinski.

54. Coastal denied Kosinski's First Accommodation Request.

55. Coastal did not determine if Kosinski's First Accommodation Request would cause an undue hardship for Coastal.

56. Coastal denied Kosinski's Second Accommodation Request.

57. Coastal did not determine if Kosinski's Second Accommodation Request would cause an undue hardship for Coastal.

58. Coastal has no contemporaneously created documents reflecting any effort to determine whether Kosinski's Second Accommodation Request would cause an undue hardship.

59. Kosinski's Second Accommodation Request was reasonable.

60. There was an accommodation available that would have been effective and would not have posed an undue hardship to Coastal.

61. On or about July 22, 2021, Coastal terminated Kosinski's employment immediately after Kosinski requested a reasonable accommodation based on her Disabilities.

62. Coastal terminated Kosinski before she even had an ability to contact and/or see her doctor about securing documentation regarding her Disabilities.

63. The above facts demonstrate that Coastal engaged in a pattern and practice of disability discrimination.

64. There was a causal connection between Kosinski's disability and Coastal's termination of Kosinski.

65. There was a causal connection between Kosinski's Requests for Accommodation and Coastal's termination of Kosinski.

66. As a direct and proximate result of Coastal's conduct, Kosinski suffered and will continue to suffer damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

67. Kosinski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. Kosinski suffers from Ankylosing Spondylitis, Diabetes, and mental illness including anxiety.

69. Kosinski is disabled pursuant to 42 U.S.C. § 12102.

70. Coastal perceived Kosinski as being disabled.

71. Kosinski's conditions constitute a physical and mental impairment.

72. Kosinski's conditions substantially impaired one or more of her major life activities including working.

73. Coastal perceived Kosinski's conditions to substantially impair one or more of her major life activities including working.

74. Coastal treated Kosinski differently than other similarly situated employees based on her disabling conditions.

75. Coastal treated Kosinski differently than other similarly situated employees based on her perceived disabling conditions.

76. Despite Kosinski's actual or perceived disabilities, Kosinski was still able to perform all the essential functions of her job.

77. On or about July 22, 2021, Coastal terminated Kosinski's employment without just cause.

78. Coastal terminated Kosinski's employment based her Disabilities.

79. Coastal terminated Kosinski's employment based her perceived disabilities.

80. Coastal violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. when they discharged Kosinski based on her disabilities.

81. Coastal violated 42 U.S.C. § 12112 *et seq.* when they discharged Kosinski based on her perceived disability.

82. Coastal violated 42 U.S.C. § 12112(a) by discriminating against Kosinski based on her disabling condition.

83. Coastal violated 42 U.S.C. § 12112(a) by discriminating against Kosinski based on her perceived disabling condition.

84. Kosinski suffered emotional distress as a result of Coastal's conduct and is entitled emotional distress damages pursuant to 42 U.S.C. § 12112(a).

85. As a direct and proximate result of Coastal's conduct, Kosinski suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02**

86. Kosinski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

87. Kosinski suffers from Ankylosing Spondylitis, Diabetes, and mental illness including anxiety.

88. Kosinski is disabled.

89. Coastal perceived Kosinski as being disabled.

90. Kosinski's conditions constitute a physical and mental impairment.

91. Kosinski's conditions substantially impaired one or more of her major life activities including working.

92. Coastal perceived Kosinski's conditions to substantially impair one or more of her major life activities including working.

93. Coastal treated Kosinski differently than other similarly situated employees based on her disabling conditions.

94. Coastal treated Kosinski differently than other similarly situated employees based on her perceived disabling conditions.

95. Despite Kosinski's actual or perceived disabilities, Kosinski was still able to perform all the essential functions of her job.

96. On or about July 21, 2021, Coastal terminated Kosinski's employment without just cause.

97. Coastal terminated Kosinski's employment based her Disabilities.

98. Coastal terminated Kosinski's employment based her perceived disabilities.

99. Coastal violated R.C. § 4112.02 when they discharged Kosinski based on her Disabilities.

100. Coastal violated R.C. § 4112.02 when they discharged Kosinski based on her perceived disabilities.

101. Coastal violated R.C. § 4112.02 by discriminating against Kosinski based on her disabling condition.

102. Coastal violated R.C. § 4112.02 by discriminating against Kosinski based on her perceived disabling condition.

103. Kosinski suffered emotional distress as a result of Coastal's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

104. As a direct and proximate result of Coastal's conduct, Kosinski suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT**

105. Kosinski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. Kosinski informed Coastal of her Disabilities.

107. Kosinski informed Coastal of her disabling condition.

108. Kosinski requested accommodations from Coastal to assist with her disabilities including being able to sit from time to time and working in the same department with her daughter.

109. Kosinski's requested accommodations were reasonable.

110. There were accommodations available that would have been effective and would have not posed an undue hardship to Coastal.

111. Coastal failed to engage in the interactive process of determining whether Kosinski needed an accommodation.

112. Coastal failed to provide an accommodation.

113. Coastal violated the ADA 42 U.S.C. § 12101 *et seq.*

114. As a direct and proximate result of Coastal conduct, Kosinski suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02

115. Kosinski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

116. Kosinski informed Coastal of her Disabilities.

117. Kosinski informed Coastal of her disabling condition.

118. Kosinski requested accommodations from Coastal to assist with her disabilities including being able to sit from time to time and working in the same department with her daughter.

119. Kosinski's requested accommodations were reasonable.

120. There were reasonable accommodations available that would have been effective and would have not posed an undue hardship to Coastal.

121. Coastal failed to engage in the interactive process of determining whether Kosinski needed an accommodation.

122. Coastal failed to provide an accommodation to Kosinski.

123. Coastal violated R.C. § 4112.02 by failing to provide Kosinski a reasonable accommodation.

124. Kosinski suffered emotional distress as a result of Coastal's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

125. As a direct and proximate result of Coastal's conduct, Kosinski suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### **DEMAND FOR RELIEF**

WHEREFORE, Kosinski respectfully requests this Court grant:

(a) An order requiring Coastal to restore Kosinski to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Coastal of compensatory and monetary damages to compensate Kosinski for lost wages, compensatory damages, liquidated damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Coastal in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Kosinski's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com
          David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff Ginger Kosinski*

# JURY DEMAND

Plaintiff Ginger Kosinski demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S LAW FIRM**